### 64175. WOOTEN v. THE STATE.

QUILLIAN, Chief Judge.

This is an out-of-time appeal granted by a habeas court from the defendant's conviction for aggravated assault and possession of a firearm by a convicted felon. On appeal defendant contends he did not knowingly, intelligently, or voluntarily waive his right to a jury trial and alleges that his counsel's action waiving such jury trial was in violation of the Georgia Constitution, as well as the Sixth and Fourteenth Amendments to the U. S. Constitution. *Held:*

The State has moved to dismiss the appeal "or remand with instruction to hear further evidence" on the basis "that this issue has not been considered and ruled upon in any lower court." It is generally accepted appellate practice that grounds enumerated as error but not objected to during the trial calling for a ruling may not be raised for the first time on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224); *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58); *Bostick v. Ricketts,* 236 Ga. 304, 306 (1) (223 SE2d 686). However, our Supreme Court has permitted certain types of constitutional error to be asserted for the first time on appeal. See *Barnes v. State,* 244 Ga. 302 (1) (260 SE2d 40); *Simmons v. State,* 246 Ga. 390, 391 (271 SE2d 468); *McDuffie v. Jones,* 248 Ga. 544 (1) (283 SE2d 601).

The constitutional error alleged here involves the issue of whether the defendant waived his constitutional right to a trial by jury, which is one of the three "inherently personal right[s] of fundamental importance . . ." (Winters v. Cook, 489 F2d 174 (2) (5th Cir.)) addressed by the U. S. Supreme Court in Boykin v. Alabama, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274). Boykin held: "We cannot presume a waiver of these three important federal rights [self-incrimination by a plea of guilty, trial by jury, and confrontation of one's accusers] from a silent record." We are advised, in Boykin, that "[t]he requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation." In our case, the only evidence of waiver of a jury trial was the notation on the indictment — "waives jury," with the initials of the defendant's counsel, and counsel's response to the State's question: "I understand they wish to waive a jury; is that correct? [Defendant's counsel]. That's correct, your Honor." No inquiry was made of the defendant.

Thus, what we have is an incomplete record — not a silent record as in Boykin. There is evidence that counsel waived a jury trial in writing on the indictment and in the presence of the accused counsel informed the court he waived a jury trial. See *Bostick v. Ricketts,* 236 Ga. 304, 306 (1), supra. However, this Court held, in *Johnson v. State,* 157 Ga. App. 155 (1) (276 SE2d 667), that " '[a]lthough a jury trial may constitutionally be waived, the defendant must *personally* and intelligently participate in the waiver. Patton v. United States, 281 U. S. 276 [312] (50 SC 253, 74 LE 854).' " (Emphasis supplied.) The Georgia Superior Courts Criminal Benchbook provides a guide to be followed where the defendant waives a jury trial which includes his personal participation. (See p. 108, § 28.10).

Although it would be preferable to have defendant's personal participation spread on the record in open court, to forestall subsequent claims of lack of participation or an intelligent or knowing waiver, the basic issue involved is whether "the waiver was intelligently made with the accused's consent." Annot. 93 ALR2d 410, 413, § 2. We have found no legal precedent requiring an "in court" waiver of the right of a jury trial. Our Supreme Court, in *Roberts v. Greenway,* 233 Ga. 473, 475 (211 SE2d 764), addressing a similar constitutional issue — a plea of guilty (which is also one of the three personal constitutional rights addressed by Boykin, supra), held: "After a prisoner raises the question of the validity of his plea of guilty [waiver of jury trial in the instant case], the burden is on the state to show that the plea [waiver] was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant

was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill a silent [or incomplete] record by use of extrinsic evidence that affirmatively shows that the guilty plea [waiver of jury trial in this case] was knowing and voluntary."

Accordingly, in the case sub judice, inasmuch as the record indicates a valid waiver may have occurred but the record does not reflect whether the defendant personally, knowingly, voluntarily, and intelligently participated in such waiver, this case is remanded to the trial court for a hearing on this issue. See Georgia Superior Courts Criminal Benchbook, § 28.10; ABA Minimum Standards for Criminal Justice, Trial by Jury § 1.2, and pages 37-38 Standards with Commentary (Approved Draft); *Bailey v. Baker,* 232 Ga. 84 (2) (205 SE2d 278); *Roberts v. Greenway,* 233 Ga. 473, 476 (3), supra.

*Case remanded with direction. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 24, 1982.

*Donald C. Turner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.