66200. SIMS v. THE STATE.

SHULMAN, Chief Judge.

The trial court, sitting as the trier of fact, found appellant guilty of rape. Appellant now questions the sufficiency of the evidence and asserts that there is no evidence that he knowingly and intelligently waived his right to a jury trial.

1. The trial transcript shows that the trial court was informed by the assistant district attorney that defense counsel had requested a trial by the court without a jury and that counsel for both parties had initialled such a notation on the indictment. No inquiry was made of the defendant.

The factual situation in the instant case is similar to that in *Wooten v. State,* 162 Ga. App. 719 (293 SE2d 11). In that case, this court noted that while " ' "the defendant must *personally* and intelligently participate in the waiver" ' " of the right to trial by jury, there is no legal precedent which requires that the waiver be done in court. Id., p. 720. However, when an appellant questions the purported waiver of his right, it is up to the state to show that the waiver was intelligently made with the accused's consent. See *Roberts v. Greenway,* 233 Ga. 473 (1) (211 SE2d 764) (where an appellant questioned the validity of his guilty plea). In *Roberts,* supra at p. 475, the Supreme Court enunciated two post-trial methods by which the state could successfully carry its burden of proof: (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. This court applied the *Roberts* standard to the issue of jury trial waiver in *Wooten* and remanded the case to the trial court for a hearing on the issue. In the case at bar, however, a hearing was held and extrinsic evidence in the form of an

affidavit from appellant's trial counsel was presented. The attorney averred that he. and appellant discussed the advantages and disadvantages of trial by jury and trial by the court, and appellant decided to proceed without a jury for tactical reasons. This affidavit was sufficient evidence that appellant had "personally, knowingly, voluntarily and intelligently participated in such waiver." *Wooten v. State,* supra, p. 721. The trial court did not err when it denied appellant's motion for new trial based on this ground.

2. Although the evidence was conflicting, there was evidence from which the trial court, as a rational trier of fact, was authorized to conclude beyond a reasonable doubt that appellant had had carnal knowledge of a woman forcibly and against her will. The evidence is sufficient to uphold appellant's conviction. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); OCGA § 16-6-1 (Code Ann. § 26-2001).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 14, 1983.

*Rees R. Smith, Susan E. Teaster,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Chris Jensen, Richard E. Hicks, Margaret V. Lines, Assistant District Attorneys,* for appellee.