73296. HILL v. THE STATE.
(352 SE2d 651)

POPE, Judge.

Ricky Hill brings this appeal from his conviction following a bench trial of two counts of violating the Georgia Controlled Substances Act by selling marijuana. *Held:*

1. Appellant's first enumeration of error asserts that he did not knowingly, voluntarily and intelligently waive his right to a jury trial. This issue was raised via motion for new trial, appellant being represented by different counsel than that representing him at trial. The indictment shows the printed name of appellant's trial counsel with the notation "waive jury 1-16-84." In the face of this incomplete record, the trial court directed that the record remain open for 30 days after the hearing on the motion for new trial "to see if it is, in fact, rectified and corrected." The State subsequently submitted the affidavit of trial counsel who, in regard to this issue, averred only that at arraignment in this matter he waived jury trial. Appellant also submitted an affidavit in which he stated that trial counsel never discussed with him at any time during his representation the advantages and disadvantages of a jury trial. He further asserted that he did not "knowingly, intelligently, and willingly" waive his right to a jury trial, nor did he "ask or permit" trial counsel to make such a representation at arraignment. The motion for new trial was denied.

On the basis of the record here, we are compelled to grant appellant a new trial. A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. *Wooten v. State,* 162 Ga. App. 719 (293 SE2d 11) (1982). When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either "(1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent [or incomplete] record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made."

*Sims v. State,* 167 Ga. App. 479 (1) (306 SE2d 732) (1983). The State's evidence in this regard was entirely inadequate to carry its burden. Compare *Dean v. State,* 177 Ga. App. 123 (2) (338 SE2d 711) (1985); *Stephens v. State,* 176 Ga. App. 187 (1) (335 SE2d 473) (1985); *Griggs v. State,* 159 Ga. App. 219 (1) (283 SE2d 77) (1981). Accordingly, the trial court abused its discretion in denying appellant's motion for new trial on this ground.

2. Appellant's remaining enumeration of error is rendered moot by our holding in Division 1, supra.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1987.

*Martin C. Puetz,* for appellant.

*Dennis C. Sanders, District Attorney, Harold W. Wallace III, Assistant District Attorney,* for appellee.