### 73393. SABLON v. THE STATE.
(355 SE2d 88)

Beasley, Judge.

Defendant was charged with two counts of trafficking in cocaine (OCGA § 16-13-3 (a)) for incidents occurring on March 13 and 14, 1985. He was convicted in February 1986 of trafficking as indicted for the March 14 incident but only of the included offense of selling (OCGA § 16-13-30 (b)) for the March 13 incident.

The two buys were made by an undercover officer with David Morse, Sablon's co-defendant, as a go-between. Morse pled guilty and testified against defendant.

The first count alleged that defendant sold "31.5 grams of a mixture containing cocaine." There was evidence of a sale on March 13, involving this amount of white powder which tested "positive for cocaine." Accompanied by Morse, the officer went to a parking lot next to a Richway lot where he saw Morse get in defendant's car with defendant and return with the mixture. There was no evidence of the percentage of purity.

The third count[1] alleged that he possessed "212 grams of a mixture containing cocaine." The March 14 buy was to be for six ounces for $8,250. Upon arriving at the same lot, both the undercover officer and Morse were arrested by stakeout officers in order to protect the officer and preserve the money in their possession. Defendant's car, with defendant alone in it, was then seen circling and leaving the Richway lot and was stopped. Two packages containing a total of 189 grams of a mixture testing positive for cocaine were found on the floorboard under his feet. The powder was in separate baggies. One was wrapped in aluminum foil and six others were also wrapped in foil with a cover of newspaper. A chemist testified that this mixture tested 50% pure, but this testimony was removed from the jury's consideration with the state's agreement because it had not been con-

[1] The second count charged only the co-defendant.

tained in the written report disclosed to the defendant before trial.

Three indictments were returned in the case, the first filed June 18, 1985, and nolle prosequi, the second filed July 10 and nolle prosequi, and the one tried which was filed December 3.

1. Defendant complains of the denial of his motion for directed verdict on the ground that there was no evidence of the purity of the mixture. At the time of the incidents, March 13 and 14, 1985 OCGA § 16-13-31 (a) provided that it was the felony of trafficking in cocaine to be "knowingly in actual possession of 28 grams or more of cocaine or *of any mixture containing cocaine, . . .*" However, on March 27, 1985 the legislature approved the repeal of subsection (a) and enacted a new subsection (a) which required that the possession be "of 28 grams or more of cocaine . . ." thus doing away with the mixture language. Ga. Laws 1985, p. 552, effective July 1, 1985. The Georgia Supreme Court recently held, specifically referring to the trafficking statute, that "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause. Here, the legislature repealed the old law and enacted in its place a new law without including a saving clause. Thus, the appellant's conduct was no longer defined by the legislature as trafficking in cocaine, therefore, the prosecution in this case was at an end before the trial." *Robinson v. State*, 256 Ga. 564, 565 (350 SE2d 464) (1986).

Even though it was not error for the court to deny the motion for directed verdict altogether, infra, the conviction on Count 3 must be reversed pursuant to *Robinson v. State*, supra, because it was for trafficking based on proof of a "mixture containing cocaine."

The conviction on Count 1 does not succumb to the same infirmity. Although charged with trafficking, defendant was convicted of the sale of cocaine, a lesser included offense under either the old or new trafficking statute. OCGA § 16-13-30 (b); OCGA § 16-1-6; *Dalton v. State*, 249 Ga. 720, 721 (1) (292 SE2d 834) (1982).

Defendant could have presented his objections to the indictment by way of demurrer, which would have been appropriate. See *Traylor v. State*, 165 Ga. App. 226, 228 (2) (299 SE2d 911) (1983). He chose not to do so and instead proceeded to trial, subjecting himself to consideration of a lesser included offense as well as the offense charged. On a motion for directed verdict, the trier of fact is not precluded from considering a lesser included charge. *Waters v. State*, 177 Ga. App. 374, 376 (2) (339 SE2d 608) (1985). Since the sale statute, OCGA § 16-13-30 (b), was in no way affected by the repeal of OCGA § 16-13-31 (a), and sale was and is a lesser included offense of both the repealed and new statutes, the conviction on Count 1 is affirmed.

2. The introduction of a 1983 transaction involving defendant is challenged on the grounds that the evidence did not show Sablon

committed the crime and that there was insufficient similarity between it and the 1985 charged crimes.

Generally, evidence of other criminal acts of the defendant is inadmissible because it tends to place the defendant's character into evidence in violation of OCGA § 24-9-20 (b). Exceptions allow independent crimes to be introduced on two conditions: 1) there must be evidence that the defendant was in fact the perpetrator of the independent crime, and 2) there must be sufficient similarity or connection between the independent crime and the charged crime that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980); *Sport v. State*, 253 Ga. 689 (324 SE2d 184) (1985). Thereafter the independent crime may be introduced to prove identity, motive, plan, scheme, bent of mind and course of conduct. *State v. Johnson*, supra.

The evidence regarding the 1983 incident showed that an undercover officer made contact with an individual and made small buys of marijuana and cocaine, leading to a meeting on September 20 at a house in Forest Park where she was to buy 5 ounces of cocaine for $8,000. Other officers outside the house saw a car arrive and back into the driveway about midnight. Sablon was driving and remained in the car while another male went inside with the cocaine and was arrested. Sablon was arrested in the car after he tried to flee and was stopped by an officer shooting out the rear tire. He was carrying a loaded pistol in his waistband. The cocaine was contained in a plastic bag wrapped in aluminum foil.

The undercover detective in the charged crimes was one of the officers who interrogated Sablon in 1983. He was able to recognize him in 1985 based on this earlier contact. Identity of the defendant as involved in the March 13 incident was thus sufficiently established. *Johnson v. State*, supra; see *Dixon v. State*, 177 Ga. App. 506, 507 (2) (339 SE2d 775) (1986).

The defendant argues that, because he was only present at the 1983 event, he was not shown to be participating in the crime. There was sufficient evidence that defendant was a party to the 1983 incident, thereby making him a perpetrator. OCGA § 16-2-20.

Defendant's claim that the incidents were not similar also fails. The similarities are numerous: in both situations, the defendant attempted to insulate himself from the actual transfer of drugs, using a go-between in each transaction; in each, he remained in the vehicle, reserving an opportunity to escape and attempting to do so in 1983; the packages in each transaction were identically wrapped, first in plastic bags, then in aluminum foil; and the weights and prices involved in the 1985 sale and the 1983 sale were similar. The court did not err in concluding that the 1983 and the charged crimes were similar and the 1983 act admissible. See *Allen v. State*, 180 Ga. App. 701,

702 (350 SE2d 478) (1986).

*Judgment affirmed in part (Count 1) and reversed in part (Count 3). Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987.

*Ralph J. Hunstein*, for appellant.

*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney*, for appellee.