## A89A0134. LARK v. THE STATE.
(380 SE2d 505)

BEASLEY, Judge.

Defendant appeals his conviction of theft by taking, OCGA § 16-8-2. He was tried by the court without a jury.

1. Defendant was spotted by a store detective in the men's department. The detective noticed him because he was carrying an empty shopping bag and appeared to be aimlessly looking around. During the approximately thirty-minute period during which the detective constantly observed defendant, he did not speak to anyone else and was not assisted by a salesperson.

Defendant took a shirt out of its wrapper, left the wrapper on the floor, took his shirt off, and put the new shirt on. He did the same with a tie and a sports jacket and put his clothes on the floor along with the empty shopping bag. He walked into the women's department, turned around and walked back through the men's department and out of the store, and was stopped by the detective.

Defendant testified that he met a woman in the mall whose name he did not know and whom he never saw before. She told him that she wanted to buy him some clothes and went into the store with him. While she was elsewhere in the store, he put the clothes on and left the store after he talked to her in the women's department and she told him it was fine, she would pay. He did not relate this explanation when arrested.

The evidence was sufficient. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends that copies of two previous convictions for shoplifting were improperly admitted. See, e.g., *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976); *Sablon v. State*, 182 Ga. App. 128, 130 (2) (355 SE2d 88) (1987). During its case the State tendered two certified exhibits, each including an accusation and sentence for two incidents of shoplifting in Fulton County in the spring of 1987. Defendant objected only on the grounds that it had not been shown how defendant was convicted and that there had been no showing that they were admissible for purpose of similar transactions "as far as, if they're in aggravation, this would not be an appropriate time to admit them."

On appeal, defendant raises numerous other objections which will not be considered here for the first time. *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980).

While there was no proof offered by the State that the person named in the convictions was defendant, counsel for defendant acknowledged that he was so by stating in his place that the defendant "denies that he was convicted . . . he says they were dropped."

Since this trial was conducted by the court without a jury, there was no need for a separate hearing to consider the similar crimes before they were admitted. The indictments were sufficient on their face to show the remaining elements of the required foundation and they were admissible as going to defendant's state of mind, since he admitted walking out of the store with the clothing on this occasion one year later. *French*, supra; *Sablon*, supra; *Williams v. State*, 180 Ga. App. 227 (348 SE2d 747) (1986).

3. Prior to trial, the judge asked "Has there been a waiver of a jury trial?" Counsel for defendant answered "Yes, sir, . . . we do waive a jury trial in this matter and we'd like to try it before the Court." The court prefaced the written finding of guilt with the notation: "Def. waived jury trial . . . ." These are the only references to the waiver. With new counsel on appeal, although both were employed by the public defender's office, it is contended that this was not an appropriate waiver.

"A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. *Wooten v. State*, 162 Ga. App. 719 (293 SE2d 11) (1982). When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either '(1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent (or incomplete) record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.' *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732) (1983)." *Hill v. State*, 181 Ga. App. 473 (352 SE2d 651) (1987); see *Johnson v. State*, 157 Ga. App.

155 (1) (276 SE2d 667) (1981); *Roberts v. Greenway*, 233 Ga. 473 (211 SE2d 764) (1975).

There has been no such showing, and the record being insufficient for our ruling, the case is remanded with opportunity for a hearing on this issue, *Wooten*, supra at 721; see *Sims*, supra at (1), and a new notice of appeal if review of any resulting order is desired.

*Judgment affirmed with direction. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 17, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, John H. Petrey*, Assistant District Attorneys, for appellee.