A89A0484. BROWN v. THE STATE.
(383 SE2d 361)

CARLEY, Chief Judge.

After a bench trial, appellant was found guilty of two counts of aggravated assault, one count of possession of a firearm during the commission of the aggravated assaults and one count of possession of a firearm by a convicted felon. Appellant appeals from the judgments of conviction and sentences entered by the trial court on its findings of guilt.

1. In one of his enumerations of error, appellant urges that the offense of possession of a firearm merged into the aggravated assaults. "Appellant's position is totally undermined by the Supreme Court's decision in *Wiley v. State*, 250 Ga. 343 (6) (296 SE2d 714) (1982), where the court found express legislative intent to impose double punishment for conduct which violates both OCGA § 16-11-106 and another felony statute." *McKissic v. State*, 178 Ga. App. 23, 24 (2) (341 SE2d 903) (1986). See also *McMachren v. State*, 187 Ga. App. 793, 796 (4) (371 SE2d 445) (1988).

2. Appellant enumerates his sentences as error. He urges that he was erroneously sentenced as a habitual offender pursuant to OCGA § 17-10-7 (b).

Although appellant was indicted as a recidivist pursuant to OCGA § 17-10-7 (b), the record clearly shows that he was not sentenced as a recidivist. After the trial court specifically found it had *not* been proven that appellant's three prior convictions were for felonies, the State asked that the prior convictions be considered in aggravation of appellant's sentences and the trial court agreed to do so. Appellant's contention that he was nevertheless sentenced as a recidivist is premised upon the following isolated comment of the trial court: "[B]ut since there is some question about whether these were felonies under the Recidivist — I *am inclined* to sentence him under the Recidivist Act, but I am taking into consideration his prior crimes." (Emphasis supplied.) Appellant's reliance upon this comment is misplaced. Considering the entire context in which it was made, it is clear that the trial court made a slip of the tongue and intended to say: "I am *not* inclined to sentence him under the Recidivist Act. . . ." Indeed, after making the comment, the trial court explained that the severity of the sentences that it was imposing was warranted by the violent and serious nature of the crimes committed by appellant. Under these circumstances, there is no merit in the contention that appellant was sentenced as a recidivist.

3. Appellant enumerates as error the trial court's failure to afford him a jury trial in the absence of a knowing, intelligent, and voluntary waiver of that constitutional right.

This issue is raised for the first time on appeal. "[I]nasmuch as the record indicates a valid waiver may have occurred but the record does not reflect whether [appellant] personally, knowingly, voluntarily, and intelligently participated in such waiver, this case is remanded to the trial court for a hearing on this issue. [Cits.]" *Wooten v. State*, 162 Ga. App. 719, 721 (293 SE2d 11) (1982). There being no merit in any of appellant's other enumerations of error, the effect of such disposition is "to end the case as far as this court 'is concerned until and unless a notice of appeal is filed by (appellant) after an adverse ruling subsequent to the (trial court's) holding of the required hearing and the entry of the required findings concerning the issue of [waiver of the right to trial by jury]. Of course, should the trial court find [no valid waiver] requiring the grant of new trial, the new trial would proceed. Therefore, for all purposes, this particular case (would be) completed from the appellate review standpoint and (would) not reappear here except by virtue of a new notice of appeal from some future order entered by the trial court.' [Cit.]" *Foote v. State*, 184 Ga. App. 900, 901 (1) (363 SE2d 180) (1987).

*Judgments of conviction and sentences affirmed. Case remanded with direction. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in Divisions 1 and 2. With respect to Division 3, I concur as we have followed this procedure before. *Lark v. State*, 190 Ga. App. 821 (380 SE2d 505) (1989).

However, it should be noted that defendant did not raise this issue in the trial court, as could have been done. New counsel filed a notice of appeal instead of first seeking correction in the trial court. Doing so would have met what the Supreme Court regards as "a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, [which is] that any contention concerning the violation of [a] constitutional right . . . should be made at the earliest practicable moment." *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986). This principle, which was there applied to the right of counsel, has been similarly applied subsequently in *Thompson v. State*, 257 Ga. 386, 388 (359 SE2d 664) (1987), and *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

It ought also apply here, with waiver occurring in the future if the principle is not observed. Otherwise we become complicitors in delay by institutionalizing it. Overlooking the absence of a timely raising in the trial court encourages a lack of vigilance during the criminal proceeding in the knowledge that this court would simply return the case for further hearing. Piecemeal direct appeals, whereby a criminal case is shunted back and forth between the courts, ought to be avoided rather than reach routine proportions. *Williams v. State*, 257 Ga. 311 (357 SE2d 578) (1987) is a good example.

DECIDED JUNE 9, 1989.

*Daniel L. Henderson*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.