A90A1776. WHITE v. THE STATE.
(398 SE2d 35)

</div>

BIRDSONG, Judge.

Andre White appeals his judgment of conviction and sentence of aggravated assault by shooting the victim with a pistol. Appellant's trial counsel died subsequent to trial, and appellant filed a habeas corpus petition based on three allegations of inadequacy of counsel. None of these allegations involves the specific enumeration of error asserted in this appeal. The superior court did not rule on the ineffective assistance issue, but after finding that appellant did not receive an appeal through no fault of his own, granted appellant the right to file an out-of-time appeal.

Appellant's sole enumeration of error is that the record fails to show an intelligent and express waiver of the right to trial by jury. This issue may be raised for the first time on appeal. *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11).

"A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citations and punctuation omitted.) *Lark v. State*, 190 Ga. App. 821, 822 (3) (380 SE2d 505); *Hill v. State*, 181 Ga. App. 473 (1) (352 SE2d 651).

The transcript reflects this colloquy: "[Defense Counsel:] I'm going to write on this indictment 'jury waived' and have my client sign it. The Court: All right. [Defense Counsel:] [T]his is your decision, right? *Is this your decision to waive*. . . . [Accused:] *Yes*. The Court: All right, are you ready to proceed. . . . [Defense Counsel:] Yes, I am, judge." (Emphasis supplied.) When the court reconvened, following a brief recess and before trial proceeded on the merits, the trial judge

pertinently announced, "[Accused] *has waived jury trial, agreeing for his case to go to trial before the judge sitting without a jury.*" (Emphasis supplied.) Moreover, during his opening statement and before any witnesses on the merits were called to testify, defense counsel stated in open court, "We're concerned with only one thing, the shooting that took place on the date in question. And I think *after you hear the evidence you will conclude that this man is not guilty* of any crime; that he exercised his right of self-defense. . . ." (Emphasis supplied.) At no time did appellant object to proceeding without a jury, or raise any questions concerning such procedure. Further, the first page of the indictment reflects the notation, "Jury waived this May 11, 1988," together with the signature of the defendant, "Andre L. White."

The facts of this case clearly are distinguishable from those found in *Lark, Hill,* and *Wooten.* In this case the record affirmatively shows that the accused *personally*, with assistance from his counsel, waived his right to trial by jury both orally on the record and in writing on the indictment. The record further reflects that the accused was timely placed on notice that, as a result of having waived trial by jury, the trial court would be "sitting without a jury," that the trial court would "hear the evidence," and would conclude whether appellant "exercised his right of self-defense," and whether appellant was "not guilty of any crime." The accused, thereafter, posed no objections to trial without jury, and posed no questions which would raise an issue that he did not understand fully the effect of his *personal* waiver. Compare *Jackson v. State*, 170 Ga. App. 172 (2) (316 SE2d 816).

Considering the record in its entirety, we find it does adequately reflect appellant was cognizant that he had waived his right to trial by jury, and that such waiver was knowingly made by him and with his personal and intelligent participation.

Additionally, it reasonably may be inferred from the joint participation in the waiver by both appellant and his counsel, on the record, that this was a matter which they had discussed aforehand. Appellant does not assert on appeal that trial counsel inadequately advised him regarding his right to trial by jury. In regard to this strategic matter, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." See generally *Strickland v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674).

Appellant's enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 4, 1990.

*Kenneth D. Kondritzer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys,* for appellee.