A91A1230. LAWAL v. THE STATE.
(412 SE2d 864)

Judge Arnold Shulman.

The appellant was convicted of misdemeanor theft by shoplifting and was sentenced to 12 months probation, conditioned upon payment of a $300 fine and performance of 50 hours of community service. He represented himself at his trial, which was conducted without a jury, and is also acting pro se on appeal.

1. The appellant appears to contend in his brief that he was denied his right to counsel at trial. The Sixth Amendment right to counsel applies in a criminal prosecution only where the defendant is sentenced to actual imprisonment. See *Scott v. Illinois*, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979); *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). However, it has been held that "the provisions of OCGA § 17-12-4 (a) and Rule 1.1 of the Guidelines for Local Indigent Defense Programs (246 Ga. 837) as approved by the Supreme Court of Georgia require that counsel be appointed for indigent defendants, whether charged with a felony *or* misdemeanor, where such persons could be imprisoned under the state law of Georgia if found guilty." *Lowrance v. State*, 183 Ga. App. 421 (1) (359 SE2d 196) (1987).

There is no indication that the appellant made any claim of indigency in the trial court, or, for that matter, has he sought to proceed in forma pauperis in this court. Moreover, the record contains a document, signed by him prior to trial, in which he affirmatively represented that he intended to retain his own attorney and did not want counsel appointed to represent him. (The verdict form thereafter executed by the trial court contains a handwritten notation to the effect that the appellant had "waived his right to attorney in open court.") Under these circumstances, we find no basis for a conclusion that any state law requirement pertaining to the appointment of counsel for indigent defendants was violated in this case.

2. The appellant further contends that he was denied his right to a trial by jury. No trial transcript was prepared in the case, and there

is nothing in the record which would indicate that the appellant made a knowing and intelligent waiver of this right. " 'A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. *Wooten v. State*, 162 Ga. App. 719 (293 SE2d 11) (1982). When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either "(1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent (or incomplete) record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." [Cit.]' [Cits.]" *Lark v. State*, 190 Ga. App. 821, 822 (380 SE2d 505) (1989). See also *Brown v. State*, 191 Ga. App. 875 (3) (383 SE2d 361) (1989); *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732) (1983).

Because the state has made no such showing in this case, the appellant's conviction is hereby vacated, and the case is remanded to the trial court for an evidentiary hearing on the question of whether he made a knowing and intelligent waiver of his right to trial by jury. In the event the trial court determines from the evidence adduced at this hearing that the appellant did make such a waiver, then the conviction and sentence may be reinstituted, in which event the appellant shall be entitled to file a new appeal directed to this issue and this issue alone.

*Judgment vacated and case remanded with direction. Carley, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

Although I concur fully in Division 2, I cannot do so with respect to Division 1. I do not find the law of Georgia to be more expansive currently than is federal constitutional law, with respect to right to counsel in misdemeanor cases.

The majority cites *Lowrance v. State*, 183 Ga. App. 421 (1) (359 SE2d 196) (1987), as establishing that indigents in *all* misdemeanor cases are entitled to counsel. However, *Lowrance* is physical precedent only, because two members of the panel concurred in the judgment only.

*Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982), was decided two years after the Supreme Court approved the Guidelines for Local Indigent Defense Programs (246 Ga. 837) (1980) and while OCGA § 17-12-4 as it presently exists was already in effect. In it the Supreme Court stated the law to be that "[a] defendant in a misdemeanor *criminal* prosecution is entitled to counsel only where the defendant is sentenced to actual imprisonment." The Court cited the two leading federal constitutional cases and two Georgia cases. One of the State cases, *Stillwell v. State*, 161 Ga. App. 230, 231 (288 SE2d

295) (1982), approved as correct the trial court's ruling "that a defendant in a misdemeanor criminal prosecution is entitled to counsel only where the defendant is sentenced to actual imprisonment." In applying the principle, the court concluded that, for the reason that defendant's previous misdemeanors drew no imprisonment, they did not appear to be constitutionally invalid because of denial of assistance of counsel. I cannot conclude that the court overlooked or ignored OCGA § 17-12-4 or the Guidelines relied on in *Lowrance*. Instead, I am persuaded that they are construed to apply only to felonies and to misdemeanors where imprisonment is imposed.

Lawal was not sentenced to confinement, and thus he would not have been entitled to appointed counsel even if he had been indigent.

I am authorized to state that Presiding Judge Carley joins in this special concurrence.

DECIDED NOVEMBER 13, 1991.

Jimmy Lawal, *pro se.*
*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,* for appellee.