A91A2079. PAHNKE v. THE STATE.
(416 SE2d 324)

ANDREWS, Judge.

Pahnke was found guilty in a bench trial of misdemeanor theft of services. His sole enumeration of error on appeal is that the record fails to reflect he knowingly and intelligently waived the right to a jury trial. Though not raised below, this issue may be asserted for the first time on appeal. *White v. State*, 197 Ga. App. 162 (398 SE2d 35) (1990).

Pahnke is represented by counsel on appeal, but proceeded pro se in the trial court. At arraignment, the defendant pled not guilty and entered a written demand "retaining my right as a U. S. citizen to have a jury trial. . . ." The case was assigned by the court for a jury trial scheduled for August 26, 1991. Thereafter, the initial record transmitted to this Court, which did not include a transcript of any portion of the proceedings, shows only that the defendant was found

guilty in a bench trial on July 24, 1991.

After the initial record was transmitted on appeal, on the State's motion, a hearing was scheduled in the trial court pursuant to OCGA § 5-6-41 (f) and (g) to perfect the record as to what transpired in court with respect to the defendant's right to a jury trial. *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627) (1980). "Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." OCGA § 5-6-41 (f). "Any issue as to the correctness of the record is to be resolved by the trial court, for that court retains jurisdiction even after the case is docketed in this Court to add additional record, and is still the final arbiter of any differences in the preparation of the record." (Citations and punctuation omitted.) *Pelletier v. Schultz*, 157 Ga. App. 64, 68 (276 SE2d 118) (1981).

Pursuant to the hearing at which the defendant was represented by appellate counsel, a supplemental record was certified and transmitted to this Court. The supplemental record does not reflect that the parties were able to agree as to the correctness of what occurred in the trial court. See OCGA § 5-6-41 (f), (g). "In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, he shall enter an order stating that fact." OCGA § 5-6-41 (g). *Smith v. State*, 260 Ga. 274, 276 (393 SE2d 229) (1990); *Patterson v. State*, 233 Ga. 724, 730-731 (213 SE2d 612) (1975).

The supplemental record shows that at the conclusion of the hearing the trial judge resolved any dispute as to the record by giving his recollection of what had transpired in the trial court as follows: "My dockets . . . well calendar would be more appropriate, they're prepared by Mrs. Miller or by the Clerk's office, reflect Mr. Pahnke appeared for arraignment on July the 12th. The notation I made at that time was that Mr. Pahnke had demanded a jury trial and that it had been scheduled for August the 26th. My personal recollection is that he presented a written demand for jury trial because I believe I recall him presenting some document to me, which would comport with our statutory rules. The State Court of Stephens County is, of course, created by special act of the Legislature and jury trials are not provided unless there is a written demand at or before arraignment. However, the Court as a matter of practice has always allowed an oral demand to be sufficient. In this case, I believe Mr. Pahnke went so far as to write out a written demand for a jury trial. The next occasion I had to know anything about the case was on a non-jury trial date

subsequent to that date. Again, looking at my calendar as is usual, I received that calendar only on the morning of trial. It is very unusual for me to look at a calendar before I take the bench, but the calendar for Wednesday, July 24th, had Mr. Pahnke's case on page three of the calendar and when the case was called, I inquired because I had remembered Mr. Pahnke had presented a written demand for a jury trial. That was a little bit unusual for somebody who is not represented by counsel. It stuck out in my mind, so I specifically inquired of him whether or not he wanted his case tried before a jury or before me. Mr. Pahnke said he wanted me to try the case, or something to that effect. . . ."

"I advised Mr. Pahnke I knew some of the witnesses. I did not know anything about his case, but that I did know some of the witnesses and that . . . he was certainly entitled to a jury trial or non-jury trial and he said he wanted a non-jury trial, so we proceeded to have a non-jury trial." The trial judge gave counsel for the defense and the State the opportunity to question him about his recollection. Neither party had any questions. The trial court then ordered that the proceedings be transcribed and submitted by the Clerk as part of the record on appeal.

The issue is whether the record, as supplemented, supports the conclusion that the defendant "personally and intelligently participate[d] in the waiver of the constitutional right to a trial by jury." (Citation omitted.) *Hill v. State*, 181 Ga. App. 473 (352 SE2d 651) (1987). "When the purported waiver of the right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citations and punctuation omitted.) *White*, supra at 162.

The record affirmatively shows that the defendant was aware of his right to a jury trial because he had personally filed a written pro se demand for trial by jury reciting that right. The trial judge, remembering that the defendant had filed a written demand for a jury trial, reminded the defendant that he was entitled to a trial by jury, and asked him if he wanted a jury or non-jury trial. The defendant elected to have a non-jury trial. The defendant personally made a knowing and intelligent waiver of his right to a jury trial.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992 — 

*William R. Hurst*, for appellant.
Jonathan Pahnke, *pro se.*
*James E. Cornwell, Jr., Solicitor*, for appellee.