## A92A0177. NELSON v. THE STATE.
(418 SE2d 123)

JOHNSON, Judge.

This is an out-of-time appeal granted by the Superior Court of Richmond County from Ernest Nelson's (Nelson) conviction for robbery. On appeal, Nelson contends that there was not a clear and positive waiver of his right to a jury trial on the record, in violation of the Georgia Constitution as well as the Sixth and Fourteenth Amendments to the U. S. Constitution. He further asserts that the trial court erred in denying his motion for acquittal based on the insufficiency of the evidence.

1. The record in this case shows that when the case was called for trial, counsel for Nelson informed the court, in Nelson's presence, that he had informed Nelson that he would recommend that the case be tried by a jury. He told the court that Nelson had been insistent on having a bench trial. At that point, the court asked Nelson if he wanted the case heard without a jury. Nelson responded affirmatively, but stated that he did not understand why he was in court. The court then read the indictment and explained the charges to him. The court

inquired of trial counsel if he had explained the offense charged to Nelson. Counsel responded that it had been explained. Nelson was then asked a second time by the court if he wanted the trial to be heard by the judge at a bench trial rather than by a jury. Nelson again said yes.

In *Wooten v. State*, 162 Ga. App. 719 (293 SE2d 11) (1982), defense counsel initialed the waiver of a jury on the indictment and responded on behalf of his client in court. This court held that the record was therefore incomplete as to the issue of the defendant's knowledge and/or assent to that decision. The case was remanded to the trial court for a hearing on whether the defendant personally, knowingly, voluntarily and intelligently participated in the decision. However, in the case presently before us, it is clear in the record that the defendant actively participated in the waiver of the right to a jury. Therefore, as to this issue, we find that Nelson's argument is without merit.

2. The victim positively identified her assailant in pre-trial photographic and physical lineups as well as in court. She testified that the commission of the robbery took approximately 15 minutes, throughout which time she had the opportunity to observe her assailant. A defendant is entitled to the reversal of a guilty verdict only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It is clear from the eyewitness testimony offered at trial that the court was provided with sufficient evidence to authorize the guilty verdict.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1992.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Katherine F. Bond, Assistant District Attorneys*, for appellee.