## A00A2440. CARTER v. THE STATE.
(543 SE2d 42)

BLACKBURN, Presiding Judge.

Following a bench trial, Frankie Lee Carter, Jr. appeals his conviction for aggravated assault. Carter contends that the evidence was insufficient to support his conviction and that the trial court erred in allowing a police officer to provide opinion testimony without being qualified as an expert. Because the evidence was sufficient to support the conviction and the police officer's testimony was merely cumulative, we affirm Carter's conviction.

1. In two enumerations of error, Carter contests the sufficiency of the evidence.

> We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. We address only the sufficiency of the evidence, and we do not weigh the evidence or determine the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Arnold v. State*.[1] See also *Jackson v. Virginia*.[2] Additionally, in a bench trial, the trial court sits as the trier of fact, and its findings are analogous to a jury verdict. *Green v. State*.[3]

So viewing the evidence, it reveals that the victim, Carter's girlfriend, testified that, after she rebuffed Carter's physical advances, she and Carter got into a struggle. Carter asked her if she "was ready to die." During the struggle, Carter put his foot on the victim's neck and pressed down. The victim also testified that Carter had an extension cord and that she must have passed out because she was found in her sister's room with a sheet over her head. According to the victim, Carter was attempting to choke her in different ways: with his foot, his hands, and an extension cord. Although the victim did not specifically remember being strangled with the extension cord because she had passed out, she believed Carter used an extension

[1] *Arnold v. State*, 243 Ga. App. 118 (1) (532 SE2d 458) (2000).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Green v. State*, 239 Ga. App. 617, 618 (2) (521 SE2d 441) (1999).

cord because of the linear burns and raw marks encircling her neck. An extension cord was found in the room where the altercation began. The victim's neck remains scarred, and she has problems with her throat and a swollen tongue.

Over objection, Officer Richard Redd with the City of Thomson Police Department testified that the marks on the victim's neck on the night of the attack appeared to indicate that she had been choked by an object. Officer Redd further testified that he had previously seen the results of someone having been choked by another person with their hands and that the marks around this victim's neck were not similar to that type of choking. He described the injury to the victim's neck as a thin red line plus abrasions, scratches, and raw marks. The line was around the front to the back of her neck but did not extend completely around her neck.

Carter testified, denying that he choked the victim with either his foot or an extension cord. He did admit, however, that he might have choked her with his hands while he was trying to keep her from hitting him. Carter testified that he held the victim until she stopped talking and trying to fight him, then he left. Carter speculated that his fingernails could have caused the marks on the victim's neck, but he admitted that they were probably not long enough to go almost all the way around her neck.

(a) Carter asserts that the verdict was not supported by the evidence. Carter was charged with aggravated assault in that he assaulted the victim with an electric extension cord which, "when used offensively against a person, is likely to result in serious bodily injury, by placing said cord on and about the victim's throat and thereby choking" the victim. Carter contends that the verdict is not supported by the evidence because neither he nor the victim testified that an extension cord was used in any manner and there was no evidence admitted at trial of an extension cord or the physical injuries to the victim. Carter's position is without merit.

The victim testified that Carter was holding an extension cord in his hand immediately before she lost consciousness. The victim lost consciousness because Carter was choking her. And the marks around the victim's neck were consistent with being choked with a cord of some type. This evidence, along with the evidence outlined above, is a sufficient basis upon which a rational trier of fact, here the trial court, could have found Carter guilty of aggravated assault beyond a reasonable doubt. See *Jackson v. Virginia*, supra.

(b) In a separate enumeration of error challenging sufficiency, Carter contends that the trial court erred in convicting him on circumstantial evidence without requiring the State to exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial

evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

Again, Carter argues that because there was no direct evidence that he choked the victim with an extension cord which he placed around her neck, the State failed to meet the burden required in OCGA § 24-4-6. Carter contends that maybe he scratched the victim's neck during their altercation.

The State is not required to remove every possibility of innocence. *Ross v. State*.[4] OCGA § 24-4-6 requires only

> that the [S]tate must exclude . . . any *reasonable* hypothesis showing innocence. Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law.

(Emphasis supplied.) *Dodson v. State*.[5] Because we found in Division 1 (a) that the verdict was supportable as a matter of law, we will not disturb the trial court's determination as to the reasonableness of Carter's explanations.

2. Carter contends that the trial court erred in allowing Officer Redd to opine, without qualifying him as an expert, that the victim had been choked by a foreign object such as a rope or cord.

Pretermitting whether the allowance of such testimony was erroneous, Officer Redd's testimony was cumulative of the victim's testimony regarding what object Carter used to choke her. Therefore, any error in the allowance of Officer Redd's testimony is harmless. See *Mullinax v. State*.[6]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 27, 2000.

*Wallace, Hammond & Hammond, Harold W. Wallace III*, for appellant.

---

[4] *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994).
[5] *Dodson v. State*, 244 Ga. App. 94, 95 (534 SE2d 815) (2000).
[6] *Mullinax v. State*, 242 Ga. App. 561, 563 (1) (530 SE2d 255) (2000).

*Dennis C. Sanders, District Attorney, Anna P. Johnson, Assistant District Attorney*, for appellee.