## A02A0750. NOLAN v. THE STATE.
### (564 SE2d 464)

RUFFIN, Judge.

Following a bench trial, the trial court found Timothy Nolan guilty of following a vehicle too closely, driving with a suspended license, and failing to report an accident with injury and/or damage. On appeal, Nolan challenges the sufficiency of the evidence. Nolan also contends that he did not knowingly and voluntarily waive his right to a jury trial. As the evidence was sufficient, we affirm the convictions. We nonetheless remand the case to the trial court for an evidentiary hearing on Nolan's waiver of a jury trial.

1. On appeal from a criminal conviction, Nolan no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the verdict.[1] We neither weigh the evidence nor determine witness credibility, but simply ascertain whether the evidence is sufficient under the standard in *Jackson v. Virginia*.[2]

Viewed in this light, the evidence shows that on June 28, 2001, Nedav Kupiec was driving on the highway through downtown Atlanta during a morning rush hour. Because of the heavy traffic, Kupiec was driving slowly, and a white pickup truck struck him from behind, causing approximately $3,500 in damage to his car. Kupiec saw the driver, whom he described racially, and said he was "middle age, and stocky." Kupiec also saw that there was a young, female passenger in the truck. Kupiec motioned the driver to stop, "but he just kept driving. He kept switching lanes. He was driving too aggressive for me." So Kupiec wrote down the license plate number of the truck and its make and model.

Kupiec reported the accident to Trooper R. H. Lee, who discovered that the pickup truck was registered to Timothy and Rose Nolan. Lee drove by the address listed on the truck's registration, but did not see the truck. Lee obtained an arrest warrant for Nolan, which was served by Trooper J. Henry. When Henry arrested Nolan, he found the pickup truck parked in Nolan's driveway. Henry took pictures of the truck, which showed damage to the front end.

At trial, Phyllis Holloway, an investigator from the solicitor's office, testified that she ran a driver's history on Nolan, which showed that his driver's license had been suspended "multiple" times and was, in fact, currently suspended.

Nolan also testified and admitted that he owned the truck, but claimed that he has six or seven similar trucks, which he uses for a commercial landscape company. Nolan further testified that he has seven supervisors, any one of whom could have been driving the

---

[1] See *Swanger v. State*, 251 Ga. App. 182 (554 SE2d 207) (2001).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Swanger*, supra.

truck. According to Nolan, he "tried to trace who was driving that day, but [he] couldn't trace who was driving." Nolan maintained that he was not the driver and claimed that he did not "see any physical damage [to the truck] other than normal everyday wear and tear." Kupiec testified that, although Nolan looked like the driver of the truck, he could not be certain.

On appeal, Nolan asserts that the circumstantial evidence that he was driving is insufficient to sustain his conviction. The fact that the evidence was circumstantial, however, does not mean that it was insufficient. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' "[3] The State need not remove every possibility that Nolan is innocent, but must

> exclude any *reasonable* hypothesis showing innocence. Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law.[4]

Here, the evidence showed that Nolan had a suspended license, which would certainly give him a motive to flee the scene of an accident. The evidence also shows that Nolan, who admitted owning the truck, generally resembled the man that Kupiec saw driving the truck. Although Nolan testified that he was not the driver, the trial court, as the factfinder, was authorized to reject his self-serving testimony.[5] Despite visible damage to the truck, Nolan maintained that the truck was not damaged, which undermined his credibility. Finally, Nolan failed to provide any real clue as to which of his employees might have been driving the truck, which clearly influenced the trial court's decision. Under these circumstances, the evidence was sufficient to sustain Nolan's convictions.[6]

2. In his second enumeration of error, Nolan contends that he

---

[3] *Carter v. State*, 246 Ga. App. 891, 892-893 (1) (b) (543 SE2d 42) (2000).

[4] (Punctuation omitted.) Id. at 893.

[5] *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001).

[6] See *Wilson v. State*, 233 Ga. App. 327, 328-329 (1) (503 SE2d 924) (1998) (physical precedent only).

"did not knowingly and voluntarily waive his right to a jury trial." Prior to trial, the prosecutor stated on the record, "before we join issue, I want to specifically ask Mr. Nolan if he waives his right to a jury trial and wishes to proceed with a bench trial this morning." Nolan's attorney responded: "He does waive his right to a jury trial, Your Honor." On appeal, Nolan contends that this exchange was insufficient because it did not show that he knowingly and intelligently participated in the waiver, as required by *Wooten v. State*.[7]

In *Wooten*, this Court noted that after a defendant challenges the waiver of his right to a jury trial, the burden shifts to the State to show that the waiver was intelligently and voluntarily entered.[8] The State accomplishes this "either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent (or incomplete) record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made."[9]

When a defense lawyer answers on behalf of his client, we have found that it constitutes an incomplete record, which fails to demonstrate the defendant's participation in the waiver process.[10] Accordingly, we must remand the case to the trial court for a hearing on this issue to complete the record.[11]

In its brief, the State points out that the same attorney that waived Nolan's right to a jury trial is representing Nolan on appeal. Like the State, we are troubled by this rather anomalous situation. Implicit in Nolan's enumeration of error is the contention that his attorney did *not* inform him of his right to a jury trial, thus raising questions about the attorney's effectiveness. We further note, however, that the attorney never actually admits that he failed to discuss waiver with his client. If the attorney *did* discuss the issue with Nolan, this enumeration of error is misleading. Moreover, if the attorney did discuss the issue with his client, this appeal is pointless, as such fact surely will be disclosed during the hearing, which the trial court will conduct on remand. Accordingly, this case is remanded for this purpose.

*Judgment affirmed and case remanded with direction. Pope, P. J., and Barnes, J., concur.*

---

[7] 162 Ga. App. 719 (293 SE2d 11) (1982).

[8] See id. at 720.

[9] (Punctuation omitted.) *Lark v. State*, 190 Ga. App. 821, 822 (3) (380 SE2d 505) (1989). See also *Hill v. State*, 181 Ga. App. 473 (352 SE2d 651) (1987).

[10] See id.; *Wooten*, supra; *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732) (1983).

[11] See *Lark*, supra; *Wooten*, supra.

DECIDED APRIL 12, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.

*Joseph J. Drolet, Solicitor-General, Gerald Mason, Assistant Solicitor-General*, for appellee.