A06A0257. DELPH v. THE STATE.
(630 SE2d 891)

RUFFIN, Chief Judge.
    Robert Delph filed a motion in autrefois convict, arguing that his nolo contendere plea for the offenses of simple battery and battery precluded a subsequent prosecution for aggravated battery and obstruction. The trial court denied the motion, finding that the subsequent charges "did not arise out of the same conduct." Delph appeals. As the trial court ruled correctly, we affirm.
    "Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts."[1] Where, however, the facts are in dispute, we defer to the factfinder — in this instance the trial court — and we will uphold any factual findings unless clearly erroneous.[2]
    Here, the record shows that on November 5, 2004, a manager at the Lincoln Hills apartment complex, Travis Hallgreen, scheduled carpet cleaning for apartment number 817. However, the carpet cleaning company mistakenly dispatched the carpet cleaner to apartment number 1817, which was inhabited by Delph's girlfriend, Deanne Lingblom. When the carpet cleaner arrived and used a master key to open the door, Delph was present, and he and the carpet cleaner "got into a scuffle." Delph followed the carpet cleaner to his

---

truck, wrestled the apartment key from him, and returned to Lingblom's apartment. Following the altercation, the carpet cleaner had a cut in his mouth from being struck by Delph.

Hallgreen arrived as the altercation ended, and he and his supervisor followed Delph to Lingblom's apartment to retrieve the key Delph had taken. Lingblom responded to Hallgreen's knock, and she apologized for what had transpired. According to Hallgreen, Lingblom's face appeared red as though she had been slapped. Someone other than Lingblom slammed the door in Hallgreen's face, and Hallgreen heard a "commotion," which he described as "either [Lingblom] hitting [the] ground or . . . hitting the wall." Hallgreen turned to his supervisor and said, "I believe [Delph] is in there beating the hell out of [Lingblom]."

Police were summoned, and they broke into Lingblom's apartment. Lingblom appeared from the back of the apartment "covered in blood" with "cuts on her face." According to Ralph Contreras, the arresting officer, he "could tell immediately [Lingblom] had a broken nose. There was blood all over her clothing[;] blood all over the walls in the room." As police were taking Delph out of the apartment, he said to Lingblom, "[B]aby, I love you. Don't press charges against me." Although Contreras spoke with Lingblom, he testified that she was "reluctant." However, she did tell the officer "that her boyfriend was angry."

Delph was subsequently charged with simple battery and battery for his altercation with the carpet cleaner, and he entered a nolo contendere plea to the lesser offense of disorderly conduct. Delph was also indicted for aggravated battery for striking Lingblom and obstruction for hindering Contreras in the discharge of his duties. Delph filed his motion in autrefois convict, asserting that his nolo contendere plea for the misdemeanor offense precluded his subsequent prosecution for aggravated battery and obstruction. The trial court denied the motion, and this appeal followed.

In arguing that the trial court should have granted his motion in autrefois convict, Delph relies solely on OCGA § 16-1-7 (b), which provides:

> If . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as [otherwise] provided.

According to Delph, "each and every one of the crimes for which [he] has been accused . . . arose from the same episode of criminal conduct." We disagree. The record shows that Delph was engaged in

an altercation with the carpet cleaner and then subsequently injured his girlfriend, breaking her nose. Given that the crimes were separated in time and involved different victims, we fail to see how the offenses can be said to have arisen from the same conduct.[3]

In support of his argument, Delph also cites to his and Lingblom's testimony that Lingblom was accidentally injured when he was struggling with the carpet cleaner. However, the evidence presented did not require the trial court — as factfinder — to believe this testimony. "A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them."[4] And, as the factfinder heard the witnesses and observed them testify, it is more capable than the appellate court of determining the reasonableness of any hypothesis produced by the evidence.[5]

Here, the trial court was authorized to believe Hallgreen's testimony that, immediately following the altercation between Delph and the carpet cleaner, Lingblom looked as though she had been slapped, but there was no blood. Hallgreen also testified that after the door was slammed, he heard a "commotion," which he believed was Delph beating Lingblom. And when police arrived, Lingblom had a broken nose, cuts and was bleeding. Under these circumstances, the trial court's findings were supported by the evidence, and this argument presents no basis for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 11, 2006.

*Jason D. Treadaway*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Kathryn E. Cozzo, Assistant District Attorneys*, for appellee.

---

[3] See *Syas v. State*, 273 Ga. App. 161, 164 (2) (614 SE2d 803) (2005); *Welch v. State*, 172 Ga. App. 476, 477 (323 SE2d 622) (1984).

[4] *Thomas*, supra.

[5] See *Carter v. State*, 246 Ga. App. 891, 893 (1) (b) (543 SE2d 42) (2000).