## 71054. WILLIAMS v. THE STATE.
(342 SE2d 18)

BENHAM, Judge.

Melvin Williams appeals from his conviction of rape, kidnapping,
robbery by intimidation, aggravated sodomy, and impersonating a law
enforcement officer.

1. In the first of five enumerations of error, appellant challenges
the sufficiency of the evidence which led to his conviction and sen-
tence to life in prison. The evidence presented at trial authorized the

jury to find that on September 12, 1981, at approximately 3:00 a.m., the 17-year-old female victim and a friend went to an apartment complex in Columbus, Georgia, in search of a former boyfriend. While outside the apartment complex, they were approached by a male who flashed what appeared to be a badge and identified himself as Detective Williams of the police department. He told the victim and her female companion that several burglaries had occurred in the neighborhood and that they were considered suspects. The man identifying himself as a detective then required them to accompany him on foot to "headquarters" located a short distance away. Halfway to the supposed headquarters, the man told the victim's companion to return to her car and drive it to headquarters, the location of which he vaguely described. The victim was then ushered into a nearby apartment where she was forced at knifepoint to disrobe and sit on a bar stool while her attacker had oral sex with her. She was then forced to lie on the couch and submit to sexual intercourse, after which she was forced through the use of threats and the brandishment of a knife to give her money to the attacker. The victim's pleas for her safety and freedom caused the attacker to be concerned that she might be able to identify him later, so he stated that he would have to kill her to guarantee her silence. The assailant then forced the victim at knifepoint to leave the apartment in his company, and as they walked through some woods behind the apartment, the victim bolted and ran.

In the meantime, the other female, who had gone to retrieve her car, realized that the burglary investigation story was a ruse and summoned law enforcement personnel, who immediately began to canvass the neighborhood in search of the victim. As the police were searching, the victim emerged from the bushes, crying and hysterical. She led the officers back to the apartment, where they found appellant's pocketbook containing his temporary driver's license and an apartment rental receipt. The victim identified appellant from a pictorial lineup, and he was arrested several months later in Alabama. Although appellant, in testifying, denied that any criminal conduct took place, the jury, as trier of fact, chose not to believe his version of the occurrence.

Applying the standard outlined in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), as to the sufficiency of the evidence, the jury was authorized to find beyond a reasonable doubt that appellant committed the offenses of rape (OCGA § 16-6-1, formerly Code Ann. § 26-2001); impersonating a law enforcement officer (OCGA § 16-10-23, formerly Code Ann. § 26-2405); kidnapping (OCGA § 16-5-40, formerly Code Ann. § 26-1311); robbery by intimidation (OCGA § 16-8-40 (a) (2), formerly Code Ann. § 26-1901 (b)); and aggravated sodomy (OCGA § 16-6-2, formerly Code Ann. § 26-2002).

2. In his second enumeration, appellant contends that it was error for the trial court to allow any testimony concerning the police's possession of appellant's photograph which was used in the pictorial identification process. Appellant does not contend that the identification process was "impermissibly suggestive" or "likely to lead to misidentification," nor does he direct us to any language that supposedly placed appellant's character in issue. In the absence of such, we must assume that appellant contends that the mere use of a "mug shot" impermissibly placed his character in issue. If so, this issue has been decided to the contrary in *Ambros v. State*, 159 Ga. App. 492 (3) (283 SE2d 706) (1981).

3. Appellant cites no authority nor does he present any arguments as to Enumerations of Error 3, 4, and 5; therefore, under Rule 15 (c) (2) of the Rules of the Court of Appeals (adopted March 1, 1985), "[a]ny enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned."

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 28, 1986.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.