### 71847. PARISIE v. THE STATE.
(344 SE2d 727)

SOGNIER, Judge.

Parisie appeals from his conviction of robbery, aggravated assault and kidnapping.

1. Appellant contends he was denied his right to effective assistance of counsel because his counsel interviewed him only briefly on one occasion prior to trial, did not present psychiatric testimony or raise insanity as a defense, and did not call witnesses on appellant's behalf.

At a post-trial hearing on this issue appellant's trial counsel testified that appellant never mentioned any mental problems or the possibility of raising insanity as a defense until four days prior to trial. Appellant gave no indication that he had any mental problems; on the contrary, appellant, a college graduate, appeared lucid, mentally competent and in full command of his faculties. On a form filled out when appellant was confined he stated that he had never received treatment for any mental disorder.

As to witnesses, all but two State witnesses were interviewed prior to trial by an investigator working for appellant's trial counsel; the two witnesses not interviewed refused to talk to appellant's counsel or his investigator. Additionally, several people were interviewed as possible defense witnesses and the backgrounds of State witnesses were checked to determine if there was anything in their background which could be used as impeaching evidence against them.

Counsel testified that he spent a minimum of 80 hours preparing for appellant's trial and on the occasions when he attempted to interview appellant he was on "loan" to federal authorities for a period of six weeks in connection with another case. Appellant's trial counsel also attempted to negotiate a plea of guilty on behalf of appellant which he rejected. We have examined the entire transcript and find that trial counsel did an outstanding job in representing appellant,

particularly considering the fact that there was no question of appellant's identity as the perpetrator of the offenses allegedly committed by him. Counsel conducted extensive cross-examination, made appropriate objections, made a motion to suppress evidence obtained in an inventory search of the car used by appellant, made several motions for a mistrial and moved for a directed verdict of acquittal.

In *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the Supreme Court enunciated a two-step test in order for a defendant to show that counsel's performance was defective. First, the defendant must show that counsel's performance was deficient, and second, the defendant must show that the deficient performance prejudiced the defense. See also *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). Appellant has failed to show that his counsel's performance was deficient or that he was prejudiced by his counsel's performance. In order to show prejudice a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland, Smith*, supra. Here, not only was appellant identified positively by State witnesses, but he testified he committed the robbery and committed other acts alleged, albeit with a somewhat different version of events. Accordingly, appellant's allegation of ineffective assistance of counsel is without merit.

2. Appellant contends the trial court erred by refusing to excuse three jurors for cause. On voir dire examination one juror stated he was the son of the police commissioner of Doraville, where the offenses occurred, and knew some of the police officers who would be State witnesses; nevertheless, the juror stated he did not believe these facts would prevent him from being absolutely impartial. A second juror stated that she would tend to believe the testimony of a police officer over that of other witnesses. A third juror stated that "in truthfulness" he was not impartial between the State and the defendant, and could not judge the case fairly. The same juror stated that he would be influenced by previous events in his life, and it would be very difficult for him to be fair. Appellant challenged each of these prospective jurors for cause and the trial court denied the challenges. Thereafter, appellant used peremptory challenges on the first and third juror referred to above; the State challenged the second juror peremptorily. Appellant exhausted all of his peremptory challenges before the last jurors were placed on the jury.

Jurors should come to a case free from even a suspicion of prejudgment of the issues to be tried — as to the parties, the subject matter, or the credibility of witnesses. *Edwards v. Griner*, 42 Ga. App. 282 (1) (155 SE 789) (1930); *Logue v. State*, 155 Ga. App. 476, 477 (1) (271 SE2d 42) (1980). Without comment on the juror whose father was the police commissioner or the juror who would believe police

witnesses over other witnesses, it is clear that the juror who stated candidly that he was not impartial, could not judge the case fairly and would be influenced by previous events in his life should have been excused for cause. Despite the State's attempt to rehabilitate the juror, we cannot say that he came to the case free from even a suspicion of prejudgment on the issues to be tried. Where a defendant uses all of his peremptory challenges before a jury is struck and is forced to use a peremptory challenge on a juror who should have been stricken for cause, the error is harmful and requires reversal. *McKinney v. State*, 254 Ga. 503 (330 SE2d 884) (1985). See also *Harris v. State*, 255 Ga. 464 (339 SE2d 712) (1986), wherein the court held that henceforth, the harmless error rule is abandoned in cases where the trial court refuses to strike an unqualified juror.

3. In view of our ruling in Division 2, we need not address the remaining enumerations of error, which are unlikely to recur in the event appellant is retried.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 15, 1986 —
REHEARING DENIED APRIL 30, 1986 — 

*Bruce S. Harvey*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, James W. Richter, Assistant District Attorneys*, for appellee.