### 77386. COOPER v. THE STATE.
(375 SE2d 505)

CARLEY, Judge.

After a bench trial, appellant was found guilty of the offenses of impersonating an officer, obstruction of an officer, and operating a vehicle without proof of insurance. He filed a motion for new trial and appeals from the denial of that motion.

1. Appellant enumerates as error the trial court's failure to grant a new trial on the general grounds. A review of the record shows the following: Appellant was stopped for failure to dim the headlights of his vehicle when approaching an officer's vehicle. The officer asked to see appellant's driver's license and proof of insurance. Appellant gave his license to the officer but could not produce proof of insurance. The officer noted that appellant smelled of alcohol and asked if he had been drinking. Appellant admitted that he had been drinking and the officer performed an alco-sensor test. Upon being informed that he was under arrest for the offense of driving under the influence of

alcohol, appellant stated that he was a corrections officer with the Clarke County Correctional Institution, and produced a card identifying him as such. On several occasions, the officer asked appellant to get into the police car but appellant refused. It was eventually necessary that the officer physically place appellant in the police car. It is undisputed that the officer was wearing a standard police uniform and was driving a marked police car at the time of the arrest. The officer took appellant to jail and called the Clarke County Correctional Institution to determine whether appellant was a correctional officer there. The officer was later informed that appellant was not employed at the facility. Appellant testified that he had been employed as a corrections officer at the facility in early 1980, some six years prior to the date of his arrest.

After a review of the entire record, we find that a rational trier of fact could reasonably have found, from the evidence adduced at trial, proof of the guilt of appellant beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Echols v. State*, 187 Ga. App. 870 (371 SE2d 682) (1988); *Williams v. State*, 178 Ga. App. 80 (342 SE2d 18) (1986).

2. Appellant enumerates as error the failure to grant a new trial on the ground that there was no knowing and intelligent waiver of his right to a jury trial.

A review of the trial transcript shows that, although the trial court was informed that appellant's right to a jury trial had been waived, it made no direct inquiry of appellant concerning the waiver of his right to a jury trial. "[W]hile ' " 'the defendant must *personally* and intelligently participate in the waiver' " ' of the right to trial by jury, there is no legal precedent which requires that the waiver be done in court. [(cit).] However, when an appellant questions the purported waiver of his right, it is up to the [S]tate to show that the waiver was intelligently made with the accused's consent. [Cit.] . . . [T]he Supreme Court enunciated two post-trial methods by which the [S]tate could successfully carry its burden of proof: (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filing a silent [or incomplete] record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. . . . In the case at bar, . . . a [post-trial] hearing [on the issue of appellant's waiver] was held and . . . [appellant's trial counsel testified] that he and appellant discussed the advantages and disadvantages of trial by jury and trial by the court, and appellant decided to proceed without a jury for tactical reasons. This [testimony] was sufficient evidence that appellant had 'personally, knowingly, voluntarily and intelligently participated in such waiver.' [Cit.] The trial court did not err when it denied appellant's motion for new trial based on this ground." (Emphasis in origi-

nal.) *Sims v. State*, 167 Ga. App. 479-480 (1) (306 SE2d 732) (1983).

3. Appellant enumerates as error the failure to grant his motion for new trial on the ground of ineffective assistance of trial counsel. In specific, appellant urges that he was denied his Sixth Amendment rights because his trial counsel failed to assert a double jeopardy defense.

"Because of the presumption that a lawyer is competent, 'the burden rests on the accused to demonstrate a constitutional violation.' [Cit.]" *Kornegay v. State*, 174 Ga. App. 279, 280-281 (329 SE2d 601) (1985). In order to prevail on his ineffectiveness of counsel claim, appellant "must show that counsel's performance was deficient, and . . . that the deficient performance prejudiced the defense. [Cit.]" *Parisie v. State*, 178 Ga. App. 857, 858 (344 SE2d 727) (1986). A review of the transcript of the post-trial hearing reveals that appellant introduced no probative evidence which would show that a viable double jeopardy defense even existed in the case. Moreover, even assuming that such evidence had been introduced, a review of the transcript would also show that any failure to assert a double jeopardy defense was caused by appellant's own failure to apprise his trial counsel of the facts of the case. Accordingly, that ground of appellant's motion for new trial alleging ineffective assistance of counsel is without merit.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

It is acknowledged that *Kornegay v. State*, 174 Ga. App. 279 (329 SE2d 601) cited in the majority opinion, is an extremely important case and one which involved all judges on our court; however, it is without binding precedential value. Four judges voted with the majority (two of the four also concurring specially for additional reasons); one judge concurred in the judgment only, and four judges dissented. The vote "in the judgment only" snuffed out the binding value of this case, and it is now of doubtful authority in the instant case. Otherwise, I concur fully with the majority opinion.

DECIDED NOVEMBER 15, 1988.

*John W. Timmons, Jr.*, for appellant.
*Lindsay A. Tise, Jr., District Attorney*, for appellee.