A91A0471. NELSON v. THE STATE.
(405 SE2d 310)

POPE, Judge.

Defendant Sean Nelson appeals his conviction of possession of cocaine with intent to distribute. We affirm.

At the time the offense occurred, defendant was a high school student who was on supervised probation for an earlier possession offense. The evidence shows a confidential informant notified the police that he had been at defendant's residence earlier in the morning and that defendant had contraband in his bedroom. A police officer and an officer from the juvenile court probation office picked the defendant up from school and transported him to his residence. Pursuant to a search of defendant's bedroom, the officers discovered, in the pocket of a suit coat in defendant's closet, a bag containing a substance which later tested to be 5.03 grams of crack cocaine. They also found $159 in cash in another pocket of the coat.

The police chief testified the informant who provided the information was under indictment on six counts of selling cocaine to undercover agents and pleaded guilty to those counts shortly after defendant's arrest. The informant called the police chief the day before defendant's arrest with information which the chief did not consider specific enough to justify a search and the chief told the informant he would need more certain information before he could act. The following day the informant called back and told the chief that he had been to defendant's residence that morning and he could now report with certainty that contraband could be found in a coat pocket in defendant's closet.

1. In defendant's first two enumerations he contends the evidence was insufficient to support the verdict and that he was entitled to a directed verdict of acquittal. He argues the evidence shows the informant had equal access to the closet as well as a motive for planting the drugs so he could serve as informant and be granted a lighter sentence for his offenses.

The equal access defense is based on the rule that "merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to com-

mit the crime." (Citation and punctuation omitted.) *Burrell v. State*, 171 Ga. App. 648, 650 (6) (320 SE2d 810) (1984). For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found. *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989). In the case now before us, no evidence was presented to show the informant had access to defendant's closet. Thus, we reject defendant's argument that the evidence was insufficient to support his conviction. See *Prescott v. State*, 164 Ga. App. 671 (1) (297 SE2d 362) (1982). "A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. See OCGA § 17-9-1. In the instant case, there was clearly sufficient evidence from which a rational trior of fact could find [defendant] guilty beyond a reasonable doubt. [Cit.]" *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986). See also *Watts v. State*, 239 Ga. 725 (1) (238 SE2d 894) (1977); *Lance v. State*, 191 Ga. App. 701 (3) (382 SE2d 726) (1989).

2. Where, as here, the equal access defense was not reasonably raised by the evidence, no charge thereon is required. See *Lance v. State*, supra at (2); *Brown v. State*, 190 Ga. App. 324 (4) (378 SE2d 908) (1989). Therefore, the trial court did not err in refusing to give the requested equal access charge.

3. Defendant argues the trial court erred in denying his motion to suppress the evidence seized from his closet because the search was conducted without a warrant and without his consent. The evidence presented at the suppression hearing established that consent to search defendant's residence was an express condition of his earlier probation sentence. Such consent is a valid waiver of a defendant's Fourth Amendment right against warrantless searches. *Allen v. State*, 258 Ga. 424 (369 SE2d 909) (1988). When, as here, the search authorization provision of a probation order is invoked in good faith, the search must be considered a reasonable and lawful exercise of authority and the items seized as a result of such a search are admissible in evidence. See *Luke v. State*, 178 Ga. App. 614 (2) (344 SE2d 452) (1986).

4. During voir dire, one of the prospective jurors stated her opinion that the defendant would not have been charged with a crime if he were not guilty, and the judge ruled her disqualified. The judge, however, denied defendant's motion for mistrial brought on the ground that the prospective juror's comments had prejudiced the entire panel. "We hold the court did not err in denying mistrial. First, the appropriate remedy for correcting an error in the process of selecting a jury is disqualification of the jury, not the granting of a mistrial. See *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980). Even so, the juror's statement would provide no ground for disquali-

fying the jury." *Johnson v. State*, 188 Ga. App. 411, 412 (1) (373 SE2d 93) (1988). During the voir dire of the disqualified juror the judge instructed not only the juror in question but also the entire panel that defendant "sits before you as an innocent man . . . ." "[I]n view of the remedial action taken by the trial court, we find no error in its refusal to disqualify [the entire panel] on the basis of a comment made by one prospective juror . . . ." *Parker v. State*, 255 Ga. 167, 169 (3) (336 SE2d 242) (1985).

5. Finally, defendant argues the trial court erred in failing to disqualify a potential juror who stated initially in response to questioning on voir dire that he would have a natural bias toward the State because he was previously employed by the police department. Upon further questioning, however, the juror stated he could set aside his previous experience and base his opinion in the case solely on the evidence presented. "While a venireman may initially express doubt as to his or her ability to be impartial, this fact alone does not demand that the prospective juror be excused for cause. When the venireman indicates that he can render a fair and impartial verdict based solely upon the evidence presented at trial, he is prima facie competent to serve. [Cit.] The trial court has the discretion as to whether to strike a juror for cause. [Cits.] We find no abuse of the trial court's discretion." *Lattany v. State*, 193 Ga. App. 438 (388 SE2d 23) (1989). See also *Scott v. State*, 193 Ga. App. 577 (2) (388 SE2d 416) (1989). Although the initial expression of bias by the juror in the case now before us is similar to that expressed by a juror in *Parisie v. State*, 178 Ga. App. 857 (2) (344 SE2d 727) (1986) (relied upon by the defendant), here, unlike in *Parisie*, the juror's subsequent responses to questions posed by the prosecutor and the judge show he was sufficiently rehabilitated.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 1, 1991.

*Gregory Homer*, for appellant.
*James L. Wiggins, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney*, for appellee.