## A91A2047. GRIFFITH v. THE STATE.
(416 SE2d 875)

POPE, Judge.

Defendant Troy Lee Griffith appeals his conviction for driving under the influence of alcohol on the ground the trial court erred in failing to disqualify one of the jurors for cause. The transcript of the voir dire of the prospective jurors shows that one juror indicated his belief that one who has consumed any alcohol ought not to drive. Defendant's counsel then posed the following proposition to the juror: "And if you feel like that regardless of what the Judge charges you, if

the evidence shows that somebody has been drinking, you just feel constrained to think it was less safe for him to drive, and he shouldn't be driving." The juror answered, "Yes." The trial judge, however, asked: "[I]f I charge you that the law in the State of Georgia is that a person must be under the influence to an extent that he is less safe to drive and if I further charge you that it is not against the law to merely drink and drive, can you put aside your personal beliefs and render a decision based solely on the facts and the law in the State of Georgia?" The juror responded: "I can."

We reject the defendant's argument that the juror was not properly rehabilitated after his initial expression of a biased opinion. Defendant argues this is not a case in which the venireman expressed merely a doubt as to whether he could be impartial, but, instead, admitted he would be biased regardless of the charge of the court. His initial statement, however, was made in response to a vague and theoretical inquiry. When the trial judge asked the venireman whether he could put aside his personal beliefs and follow the specific instruction that a person must be under the influence to such an extent that he is a less safe driver before he may be found guilty under Georgia law, the venireman unequivocally answered yes. Thus, "here, unlike in *Parisie* [*v. State*, 178 Ga. App. 857 (2) (344 SE2d 727) (1986) (relied upon by the defendant)], the juror's subsequent [response shows] he was sufficiently rehabilitated." *Nelson v. State*, 199 Ga. App. 487, 489 (5) (405 SE2d 310) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 16, 1992.

*Hudson & Montgomery, James E. Hudson,* for appellant.
*Donald E. Moore, Solicitor,* for appellee.