## A93A2335. MEINTZER et al. v. WEINBERG.
(441 SE2d 774)

POPE, Chief Judge.

Plaintiffs/appellants Robert and Vesta Meintzer brought this personal injury and loss of consortium action against defendant/appellee Charles Weinberg after plaintiff Robert Meintzer was injured by a weed eater operated by defendant. The jury returned a verdict against plaintiffs and judgment was entered accordingly. Plaintiffs appeal, enumerating three errors.

1. In their first enumeration of error, plaintiffs argue that the trial court erred in refusing to excuse juror Guy Sears for cause, which action, according to plaintiffs, forced them to use one of their peremptory strikes against the juror.

As to this issue, the record shows the following: Plaintiffs' counsel asked the potential jurors to indicate if any of them believed it wrong for a neighbor to sue another neighbor, as was the situation in the case at hand. Juror Sears raised his hand and then responded "I just feel like it's wrong to sue your neighbor under any circumstances." Although during further questioning juror Sears indicated that he would try to follow the judge's instructions, and that he would have to "weigh the circumstances," he opined further that he did not think that he could be fair "because it's wrong to sue your neighbor." The juror concluded by indicating that his belief about it being wrong to sue a neighbor was a moral conviction held by him, and responded affirmatively when asked if he would have to go with his moral conviction above what the judge might instruct.

Under these facts, we agree with plaintiffs that the trial court abused its discretion in refusing to disqualify the challenged juror, who clearly indicated a fixed and definite opinion in cases involving a neighbor against a neighbor. See generally *Morris v. Bonner*, 183 Ga. App. 499 (1) (359 SE2d 244) (1987); *Parisie v. State*, 178 Ga. App. 857 (2) (344 SE2d 727) (1986). Moreover, unlike cases where the juror was "rehabilitated" upon further questioning by the court or counsel for the parties, see *Garland v. State*, 263 Ga. 495 (435 SE2d 431) (1993); *Nelson v. State*, 199 Ga. App. 487, 489 (5) (405 SE2d 310) (1991), the questioning of the juror in this case *concluded* with the juror reiterating his "moral conviction" that it is wrong for one neighbor to sue another, and that he would follow his moral conviction over the judge's instructions. " 'Jurors should come to the consideration of a case . . . free from even a suspicion of prejudgment or fixed opinion upon any material fact in the issue to be tried — as to the parties, the subject-matter, or the credibility of the witnesses.' [Cit.] 'In such a case when a challenge is made and improperly overruled but such juror does not serve on the jury trying the case because he is stricken by the complaining party, such ruling is not error unless it appears that

the party had to exhaust his peremptory challenges in order to get rid of the juror.' [Cit.]" *Ellison v. National By-Products,* 153 Ga. App. 475, 476 (265 SE2d 829) (1980). As all the plaintiffs' peremptory challenges were exhausted in this case, a new trial is required.

2. We have examined plaintiffs' remaining enumerations and find them to be without merit and unlikely to recur upon retrial.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1994 —
RECONSIDERATION DENIED MARCH 8, 1994 —

*Timothy W. Wolfe, Hartley, Rowe & Fowler, Jeffrey P. Richards,* for appellants.

*Fain, Major & Wiley, Christopher E. Penna, Gary W. Powell,* for appellee.