### A97A2024. REYNOLDS v. THE STATE.
(496 SE2d 474)

Judge Harold R. Banke.

John C. Reynolds was convicted of driving under the influence of alcohol, driving with an unlawful alcohol concentration, and failure to maintain lane.

After observing Reynolds' truck drifting outside his lane on an interstate highway, the arresting officer stopped Reynolds, who smelled strongly as though he had been drinking, slurred his speech, was flushed, had watery eyes, and admitted to having one drink. After conducting several field sobriety tests, the officer arrested Reynolds and took him to the station for a breath test which measured .145 and .149. *Held*:

1. We reject Reynolds' contention that the admission, pursuant to OCGA § 40-6-392 (f), of certificates showing the breath testing device was properly inspected, tested, and standardized violated the rule against hearsay. Reynolds maintains that the certificate lacked

a proper foundation because the State failed to inquire whether it was in the regular course of business to make the record at the time of the act.

Although Reynolds asserted a hearsay objection to this evidence during a hearing on his motion in limine, the record shows that Reynolds never objected to the inadequacy of the foundation for this evidence. *Reddin v. State*, 223 Ga. App. 148, 152-153 (5) (476 SE2d 882) (1996). Therefore, the error was waived. See *McGee v. State*, 205 Ga. App. 722, 729 (12) (423 SE2d 666) (1992).

2. Reynolds' claim that the admission of the certificate of inspection violated his right to confrontation is foreclosed by *Brown v. State*, 268 Ga. 76, 81 (485 SE2d 486) (1997).

3. The trial court properly denied Reynolds' motion for directed verdict on the charge of driving with an unlawful blood alcohol content. The certification of inspection, the officer's testimony that Reynolds had been driving, and the blood alcohol test results taken shortly thereafter showing a concentration of .145 were sufficient to allow the jury to find all the essential elements of the offense. OCGA § 40-6-391 (a) (5); *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996) (the standard for reviewing the denial of a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence).

4. Reynolds maintains that the jury charge on expert witnesses was incomplete because it failed to state that the jury was not bound by the testimony, even if unopposed. The charge on credibility of witnesses adequately covered the concept at issue. *Willingham v. State*, 268 Ga. 64, 66 (5) (485 SE2d 735) (1997) (charge reviewed as a whole). Moreover, the charge given was previously approved by the court. *New v. State*, 171 Ga. App. 392 (5), 393 (319 SE2d 542) (1984). In any event, the fact that neither party called an expert undermines Reynolds' argument.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1998 —
RECONSIDERATION DENIED FEBRUARY 5, 1998

*Sidney L. Moore, Jr.*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellee.