## A01A1306. GATES v. THE STATE.
### (555 SE2d 494)

MILLER, Judge.

Following a bench trial, the trial court found Jarmenn Gates guilty of possession of cocaine with intent to distribute. On appeal Gates raises four issues: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) his failure to knowingly and intelligently waive his right to a jury trial, and (4) the insufficiency of the evidence. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that police officers executed a search warrant on a house in LaGrange following a cocaine purchase at the address. The officers found a man and a juvenile, C. H., on the front porch. Gates was in the living room when the officers arrived, and he ran toward the back door. Police seized Gates in the kitchen and found five bags of crack cocaine on the floor in the path Gates had taken to flee. C. H. told police that more cocaine was hidden outside. In the woods behind the house, police found a container with crack cocaine packaged in baggies similar to those found inside. C. H. told police that the crack cocaine hidden outside in the woods belonged to Gates.

1. Gates claims the prosecution committed misconduct by allowing perjured testimony. At the bench trial, Officer Mickle testi-

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

fied: "Q. And what was the probable cause to obtain the search warrant? A. I made two probable cause purchases of crack cocaine from the residence."

Contrary to this testimony, it appears from the search warrant and testimony given at Gates's hearing on motion for new trial that Officer Mickle did not personally purchase cocaine at the residence. Instead, these purchases were made by a confidential informant. Gates argues that Officer Mickle's trial testimony regarding the prior purchases at the residence was perjury knowingly solicited by the prosecutor. If Gates can show his conviction was secured with the aid of perjured testimony knowingly used by the prosecution, a reversal must follow. "Conviction of a crime following a trial in which perjured testimony on a material point is knowingly used by the prosecution is an infringement on the accused's Fifth and Fourteenth Amendment rights to due process of law."[2] Nevertheless, the evidence does not demand a finding that the prosecution suborned perjury. "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority."[3]

At the hearing on motion for new trial, Officer Mickle testified that he did not intend to mislead the court and that he had "made the buy" by causing it to occur. Perjury requires "both the intent to testify falsely and the act of false testimony," as opposed to "swearing rashly or inconsiderately, according to belief."[4] The trial court heard the initial testimony of the officer at the bench trial and his explanation afterward and was in the best position to determine if Officer Mickle's trial testimony rose to the level of perjury. Furthermore, the evidence did not demand a finding that the prosecution knowingly solicited false testimony. The trial court did not abuse its discretion in failing to grant Gates's motion for new trial on the basis of prosecutorial misconduct.

Relying on *Lowe v. State*,[5] Gates also argues that Officer Mickle's false testimony with regard to the drug buys was hearsay testimony that improperly put his character in issue. The basis for the reversal in *Lowe* was that the hearsay testimony establishing a basis for the search warrant referred to an unrelated drug deal involving the defendant.[6] Here, the testimony regarding the previous purchase of cocaine at the residence does not identify Gates as the seller.

---

[2] (Citations omitted.) *Kitchens v. State*, 160 Ga. App. 492, 493 (1) (287 SE2d 316) (1981).

[3] *Meredith v. State*, 211 Ga. App. 213, 215 (4) (438 SE2d 644) (1993).

[4] (Citations and punctuation omitted.) *West v. State*, 228 Ga. App. 713, 716 (3) (492 SE2d 576) (1997).

[5] 208 Ga. App. 49, 52 (2) (430 SE2d 169) (1993), overruled on other grounds, *Kelly v. State*, 212 Ga. App. 278, 282 (2) (442 SE2d 462) (1994).

[6] *Lowe*, supra, 208 Ga. App. at 52-53 (2).

Officer Mickle also testified that he received advance information that Gates was the occupant of the house to be raided. Gates contends that this testimony improperly put his character into evidence. However, defense counsel made no objection to this testimony at trial. Failure to object to testimony waives the issue on appeal.[7] We note that although Gates groups his argument with regard to this portion of Officer Mickle's testimony under his prosecutorial misconduct enumeration, we find no basis for characterizing a question that elicits a hearsay response as prosecutorial misconduct. "The contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct."[8]

2. Gates claims he received ineffective assistance of counsel because his counsel failed to object to certain hearsay and perjured testimony. He specifically complains of his counsel's failure to object to testimony regarding statements made by the juvenile C. H. Officer Mickle testified that C. H. told him that there was a stash of cocaine hidden in the yard belonging to Gates. Sergeant Hilderbrand later read from a statement that he testified was given to him by C. H.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*,[9] Gates must show both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[10] Gates's trial counsel testified at the motion for new trial that he did not object to the officers' testimony because he planned to call C. H. and portions of C. H.'s out-of-court statements were helpful to the defense. Tactical decisions are not a basis for finding counsel's performance deficient.[11] In fact, C. H. did testify favorably to Gates and maintained he did not make certain statements that the police claimed he made. The trial court did not clearly err in finding that Gates did not meet his burden of showing deficient performance.

3. Gates claims the trial court erred in denying his motion for a new trial because he did not knowingly and intelligently waive his right to a jury trial.[12] "While the defendant must personally and intelligently participate in the waiver of the right to trial by jury, there is no legal precedent which requires that waiver be done in

---

[7] *Allen v. State*, 272 Ga. 513, 515 (3) (530 SE2d 186) (2000); *Stephens v. State*, 245 Ga. App. 823, 825 (3) (538 SE2d 882) (2000).

[8] (Citations and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (4) (458 SE2d 671) (1995).

[9] 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[10] *Jackson v. State*, 243 Ga. App. 289, 291 (3) (531 SE2d 747) (2000).

[11] See *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999).

[12] See *Capelli v. State*, 203 Ga. App. 79-80 (2) (416 SE2d 136) (1992).

court."[13] Gates's trial counsel testified at the motion for new trial hearing that Gates, against counsel's advice, insisted on a bench trial. This enumeration fails.

4. Finally, Gates argues that the evidence was insufficient to support his conviction. Even if we treat the out-of-court statements of C. H. as hearsay and so without probative value,[14] and also disregard the statements of Officer Mickle with regard to the previous drug buys at the residence, the evidence shows that Gates was the only person in the house when the police entered, that he ran from the police, and that packets of cocaine were found in the path of Gates's flight. Additional cocaine, packaged similarly to the cocaine found on the floor of the residence, was found in the backyard. We find the evidence was sufficient for a rational trier of fact to find Gates guilty beyond a reasonable doubt of a violation of the Georgia Controlled Substances Act.[15]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 12, 2001.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.

---

[13] (Citations, punctuation and emphasis omitted.) *Cooper v. State*, 189 Ga. App. 286, 287 (2) (375 SE2d 505) (1988).

[14] See *Livingston v. State*, 268 Ga. 205, 209 (486 SE2d 845) (1997).

[15] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).