## A04A0997. HARRIS v. THE STATE.
(603 SE2d 749)

JOHNSON, Presiding Judge.

Alfonso Von Harris III, and a co-defendant, were indicted for aggravated assault, burglary and two counts of cruelty to children in the second degree. Although his co-defendant pled guilty, Harris entered a plea of "Not Guilty." Harris' counsel initially requested a jury trial. However, after negotiations with the state, Harris' counsel requested a bench trial. Following the bench trial, the trial court found Harris guilty. Harris appeals, alleging the trial court erred in denying his motion for a new trial because he did not knowingly and intelligently waive his right to a jury trial. We find no error and affirm Harris' conviction.

"While the defendant must personally and intelligently participate in the waiver of the right to trial by jury, there is no legal precedent which requires that waiver be done in court."[1] In fact, the Supreme Court announced two post-trial methods by which the state could successfully carry its burden of proving a defendant knowingly and intelligently waived his right to trial: (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filing a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and intelligently made.[2] This Court has even remanded cases for the trial court to conduct a hearing and determine whether the defendant personally, knowingly, voluntarily and intelligently participated in waiving his right to a jury trial.[3]

---

[11] See *Chambley v. State*, 163 Ga. App. 502, 504-505 (2) (295 SE2d 166) (1982).

[1] (Punctuation and footnote omitted.) *Gates v. State*, 252 Ga. App. 20, 22-23 (3) (555 SE2d 494) (2001); *Cooper v. State*, 189 Ga. App. 286, 287 (2) (375 SE2d 505) (1988).

[2] *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).

[3] See, e.g., *Jenkins v. State*, 259 Ga. App. 47, 52 (2) (b) (576 SE2d 300) (2002).

In the present case, Harris' trial counsel testified at the motion for new trial hearing that he and Harris discussed the advantages and disadvantages of trial by jury and trial by the court, that Harris understood why they were not having a jury trial, and that Harris "was in complete agreement" with proceeding without a jury for tactical reasons.[4] According to Harris' counsel, Harris was more intelligent than most criminal defendants, understood the legal concepts involved and had no difficulty communicating with the attorney. Harris' trial counsel further testified that he was "extremely pleased" with the results of the bench trial and that the results were better than the state's plea offer. Following the hearing on Harris' motion for a new trial, the trial court found that Harris "had been sufficiently and completely advised of his right to a jury trial and had knowingly waived that right."

The question of whether a defendant is capable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge, and this Court will accept that determination unless it is clearly erroneous.[5] Here, the testimony provided sufficient evidence that Harris had personally, knowingly, voluntarily and intelligently participated in a waiver of his right to a jury trial. Harris' reliance on *Balbosa v. State*,[6] does not demand a different result. In *Balbosa*, the Supreme Court reiterated the rule that the state must carry its burden of proving that the defendant knowingly, intelligently and voluntarily waived his right to a jury trial.[7] However, in *Balbosa*, the state failed to carry its burden of proof because the state showed nothing more than a jury trial waiver by defense counsel in the defendant's presence. In the present case, the extrinsic evidence clearly showed that Harris made a personal, knowing, intelligent and voluntary waiver of his right to a jury trial. The trial court did not err when it denied Harris' motion for a new trial based on this ground.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED AUGUST 24, 2004.

*Robert H. Baer*, for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.

---

[4] See *Cooper*, supra; *Sims v. State*, 167 Ga. App. 479-480 (1) (306 SE2d 732) (1983).
[5] *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002).
[6] 275 Ga. 574 (571 SE2d 368) (2002).
[7] Id. at 575 (1).