A06A2018. ANNASWAMY v. THE STATE.
(642 SE2d 917)

JOHNSON, Presiding Judge.

Following a bench trial, the trial judge found Balan Annaswamy guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent that he was a less safe driver and driving under the influence of alcohol per se. Annaswamy appeals, alleging the trial court erred in accepting his waiver of trial counsel and erred in accepting his waiver of a jury trial. Annaswamy also alleges the evidence was insufficient to support the trial judge's verdict. We find no error and affirm his convictions.

■ Annaswamy contends the trial court erred in accepting his waiver of counsel for trial without ensuring that he had knowingly, intelligently, freely and voluntarily waived his right to counsel. We find no error.

On September 23, 2005, Annaswamy's trial counsel withdrew when Annaswamy discontinued his services. On October 14, 2005, Annaswamy appeared before Judge Jeannette Little for a pre-trial conference. He requested to represent himself, and he signed and initialed each paragraph of the "Waiver of the Right to Counsel." The initialed paragraphs note that Annaswamy (1) was not under the influence of any alcohol or drugs, or suffering from any mental or physical disability, (2) was advised of the nature of the charges against him, the maximum and minimum punishment provided by law, his right to be represented by an attorney, and his right to a court-appointed attorney, (3) was informed of the benefits of a lawyer and the dangers and disadvantages of proceeding without legal representation, (4) nevertheless voluntarily desires to waive his right to a lawyer, and (5) understands he has been charged with misdemeanors and understands defenses to the charges would include that he did not commit the acts or that he was justified in committing the acts.

The document contains the following language following Annaswamy's initialed paragraphs and signature:

After having investigated the facts and circumstances underlying the Defendant's wish to waive the right of counsel, including the Defendant's background, employment,

education, and desires, and after having warned the Defendant of the dangers and disadvantages of proceeding without legal representation, I have determined that this Defendant has knowingly, voluntarily, and intelligently waived the right to counsel and the right to court-appointed counsel, if the Defendant is indigent.

The trial judge then signed the document below this language. The waiver of right to counsel signed by Annaswamy and approved by the trial judge shows that Annaswamy was aware of the dangers of representing himself. Contrary to Annaswamy's argument on appeal, "it is not incumbent upon the trial court to make each of these inquiries."[1] The record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver.[2]

In addition, prior to Annaswamy's bench trial on November 8, 2005, the trial judge questioned Annaswamy regarding his waiver of trial counsel:

THE COURT: Now, Mr. Annaswamy, back on October the 14th, 2005 you told me you wanted to represent yourself; is that right?
MR. ANNASWAMY: Yes, ma'am.
THE COURT: Okay. We went over the benefits of having a lawyer.
MR. ANNASWAMY: I did not understand what you said. I did not —
THE COURT: Okay. Back on October the 14th you read over this?
MR. ANNASWAMY: Yes.
THE COURT: And you and I went over the benefits of having a lawyer.
MR. ANNASWAMY: I agree, yes.
THE COURT: And I explained to you the potential sentencing in this case?
MR. ANNASWAMY: Yes.
THE COURT: And you said you wanted to represent yourself?
MR. ANNASWAMY: Yes, ma'am.
THE COURT: In fact, you previously had a lawyer and you fired him and decided to represent yourself?
MR. ANNASWAMY: He asked — when my mother was in

[1] *Jones v. State*, 272 Ga. 884, 886 (2) (536 SE2d 511) (2000).
[2] See *Bollinger v. State*, 272 Ga. App. 688, 689 (1) (613 SE2d 209) (2005).

intensive care in India, he asked me to sign, all you have to do is plead guilty. I spoke with 5,000 citizens, they told me, you're not guilty.

THE COURT: But you're representing yourself today because that's your choice, is that right?

MR. ANNASWAMY: Yes.

The trial court did not err in accepting Annaswamy's waiver of counsel for trial.

■ Annaswamy contends the trial court erred in accepting his waiver of jury trial without ensuring he had knowingly, intelligently, freely and voluntarily waived his right to a jury trial. We find no error.

When the purported waiver of a jury trial is questioned, the state bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived, or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.[3] Here, the record shows that along with his waiver of the right to counsel on October 14, 2005, Annaswamy also requested that he be removed from the jury trial calendar and scheduled for a bench trial. Following this request, the trial court issued a document entitled "Consent Order Accepting Defendant's Waiver of Jury Trial and Scheduling Bench Trial." The document is signed by Annaswamy. In addition, the trial judge signed the document, after specifically noting that the court was "satisfied that the Defendant is making a knowing and voluntary waiver of his/her right to a trial by jury."

The question of whether a defendant knowingly and intelligently waives his right to a jury trial is a question for the trial judge, and this Court will accept that determination unless it is clearly erroneous.[4] Under the circumstances in the present case, the record shows that Annaswamy personally, voluntarily, knowingly and intelligently waived his right to a jury trial.[5] The trial court did not err in accepting Annaswamy's waiver of jury trial on the date of the bench trial.

■ Annaswamy argues that the evidence is insufficient to support his convictions for driving under the influence of alcohol to the extent he was a less safe driver and driving under the influence of alcohol per se. We find no merit to this contention. Viewed in a light most favorable to support the trial judge's verdict, the evidence shows that a citizen alerted a Troup County deputy to a car in a ditch. The deputy

---

[3] See *White v. State*, 197 Ga. App. 162 (398 SE2d 35) (1990).

[4] See *Harris v. State*, 269 Ga. App. 234, 235 (603 SE2d 749) (2004).

[5] See *Gardner v. State*, 261 Ga. App. 425, 426 (2) (582 SE2d 566) (2003).

arrived at the scene, saw the car, and saw Annaswamy getting out of the car. The deputy noticed a faint odor of alcohol on Annaswamy's breath. He testified at trial that he believed Annaswamy was "somewhat driving under the influence of alcohol," but admitted he did not test Annaswamy.

A corporal who arrived at the scene testified that Annaswamy smelled of alcohol. According to the corporal, Annaswamy's "speech was real slurred" and "[o]nce he got inside the car, inside my patrol car, it [(the smell of alcohol)] really got stronger." Annaswamy admitted to the corporal that he had a glass of wine earlier in the evening. The corporal gave Annaswamy an Intoxilyzer 5000 test, and the result was 0.09, which was above the legal limit. According to the corporal, he was trained and permitted to give tests on the Intoxilyzer, and the Intoxilyzer was in good working order at the time of Annaswamy's test. The corporal also testified that Annaswamy's mannerisms and actions were typical of someone under the influence of alcohol. In his opinion, Annaswamy was less safe to drive because of his intoxication.

A witness who lived at the location where Annaswamy was before he drove off and got stuck in the ditch testified that when she arrived home she found Annaswamy on the floor. She asked him to leave and saw a partially empty bottle of wine. She watched Annaswamy get into his car and back it up into the ditch. She then saw him try to move the car by picking it up. According to the witness, the police did not arrive for about an hour after Annaswamy drove into the ditch. The witness testified that her driveway is "fairly straight," and a sober person would be able to back out of the driveway onto the road.

The record further shows that the court asked the witness a few clarification questions, and during this exchange, Annaswamy stated: "I was intoxicated. She knew I was intoxicated." Annaswamy also admitted that he did not drink any of the wine after he drove his car into the ditch.

The evidence clearly supports the trial court's finding that Annaswamy was guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent he was a less safe driver and driving under the influence of alcohol per se.[6]

Annaswamy argues that the evidence was insufficient to support his conviction for driving under the influence of alcohol per se because only one breath test was testified to by the state and OCGA § 40-6-392 (a) (1) (B) mandates that two breath tests must be given. Even if we were to agree with Annaswamy's argument that only one Intoxilyzer

---

[6] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Reynolds v. State*, 230 Ga. App. 458, 459 (3) (496 SE2d 474) (1998).

10

test was given, Annaswamy has waived this argument by failing to make any objection at trial to the admission of the single breath test.[7] "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground."[8] In addition, a trial judge sitting alone in a bench trial is presumed to know the law and be able to distinguish between competent and incompetent evidence and consider only the evidence that is admissible.[9] The evidence was sufficient for the trial court to find Annaswamy guilty beyond a reasonable doubt of driving under the influence of alcohol per se.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 7, 2007.

*Dean A. Williams*, for appellant.
*Nina M. Baker, Solicitor-General*, for appellee.

---

[7] See generally *Capps v. State*, 273 Ga. App. 696, 697 (1) (615 SE2d 821) (2005); *Helms v. State*, 191 Ga. App. 283, 284 (381 SE2d 428) (1989).

[8] (Citations and punctuation omitted.) *Glover v. State*, 230 Ga. App. 795, 797 (1) (498 SE2d 300) (1998).

[9] See *Crossley v. State*, 261 Ga. App. 250, 253 (582 SE2d 204) (2003); *Miller v. State*, 250 Ga. App. 84, 85-86 (2) (550 SE2d 134) (2001).